# COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys, Beales, Huff, O'Brien, AtLee, Malveaux,
        Athey, Fulton, Ortiz, Causey, Friedman, Chaney, Raphael, Lorish, Callins and White
Argued at Richmond, Virginia

**PUBLISHED**

BRADFORD T. CELLUCCI

v.      Record No. 0195-21-4

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUDGE MARLA GRAFF DECKER
MARCH 14, 2023

UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

Catherine French Zagurskie, Chief Appellate Counsel (Virginia
Indigent Defense Commission, on briefs), for appellant.

Andrew N. Ferguson, Solicitor General (Jason S. Miyares, Attorney
General; Donald E. Jeffrey, III, Senior Assistant Attorney General;
Erika L. Malley, Principal Deputy Solicitor General; Rohiniyurie
Tashima, John Marshall Fellow, on brief), for appellee.

Bradford T. Cellucci was convicted of aggravated malicious wounding in violation of Code

§ 18.2-51.2. The trial court denied the appellant's motion to modify his sentence pursuant to Code

§ 19.2-303. On appeal, a divided panel of this Court reversed that decision. *Cellucci v.

Commonwealth*, No. 0195-21-4 (Va. Ct. App. May 17, 2022). The Court subsequently granted the

Commonwealth's petition for rehearing en banc, stayed the mandate, and reinstated the appeal on

the docket. Upon rehearing en banc, we hold that the trial court did not abuse its discretion and

affirm the judgment.

BACKGROUND[1]

The appellant's underlying conviction arose from his premeditated attack on Bryan Pedroza. In 2015, the appellant went to the retail store where the victim worked during his shift and waited approximately twenty minutes for Pedroza to approach him. When Pedroza took him to the fitting rooms, the appellant struck him from behind with a claw hammer, severing his spinal cord. The attack left Pedroza permanently paralyzed. At the time, the appellant was 23 years old, and the victim was 18.

After the attack, the appellant left Virginia and went to New Jersey. Law enforcement did not apprehend him until two years later. During that time, the appellant moved to Georgia and then Texas, married, had a child, and attended a community college.

Following his arrest, the appellant was charged with aggravated malicious wounding. He entered a guilty plea pursuant to *Alford v. North Carolina*, 400 U.S. 25 (1971).[2] The trial court accepted the plea and found the appellant guilty.

The sentencing guidelines recommended a sentence ranging from five years and eight months to twelve years and eight months. The appellant asked to be sentenced in accordance with the guidelines, explaining that he felt compelled to commit the offense after his girlfriend told him that Pedroza had raped her. He presented a forensic psychological evaluation and a letter from his wife. The psychological report included the opinion of the evaluator that the appellant "meets criteria for a diagnosis of autism spectrum disorder [(ASD)]." The letter from the appellant's wife described the importance of the appellant to her and their daughter. The

_____

[1] The appellate court views the evidence in the light most favorable to the prevailing party at trial, in this case the Commonwealth. *Stone v. Commonwealth*, 297 Va. 100, 102 (2019).

[2] "When offering an *Alford* plea of guilty, a defendant asserts his innocence but admits that sufficient evidence exists to convict him of the offense." *Slusser v. Commonwealth*, 74 Va. App. 761, 767 n.2 (2022) (quoting *Ramsey v. Commonwealth*, 65 Va. App. 593, 596 n.1 (2015)).

Commonwealth asked the trial court to deviate upward from the guidelines based on the level of premeditation, violent and horrific nature of the attack, and the devastating effect on Pedroza. In addition, the prosecutor emphasized that the appellant "start[ed] a new life for himself" after attacking Pedroza instead of taking responsibility for his actions.

The trial court imposed a sentence of life in prison and a $100,000 fine, permissible by law.[3] *See* Code §§ 18.2-10, -51.2. It based the upward departure from the sentencing guidelines on the level of premeditation and the severity of the victim's injury.

The appellant sought review of his sentence on appeal in this Court, arguing that it was an abuse of discretion. Citing *Minh Duy Du v. Commonwealth*, 292 Va. 555 (2016), the Court denied the petition for appeal. *Cellucci v. Commonwealth*, No. 1088-20-4 (Va. Ct. App. Apr. 9, 2021) (order). The appellant sought a hearing by a three-judge writ panel and, after that was denied, petitioned for appeal in the Supreme Court of Virginia. That Court refused his petition.

While his petition for appeal was pending in this Court, the appellant made a motion in the trial court to modify his sentence pursuant to Code § 19.2-303. He argued that "there are circumstances in mitigation of the offense." The appellant referenced his "[s]entencing [m]emorandum, the pre-sentencing report, and evidence and argument at [his] sentencing hearing." In support of his motion, he also filed a five-page memorandum contending that his sentence violated the Eighth Amendment and Due Process Clause of the Federal and State Constitutions.

The trial court denied the motion, concluding that the appellant did not prove any circumstances mitigating the offense. The court specifically found that the appellant did not establish that he had ASD. In addition, the court held that regardless, the appellant did not allege

---

[3] The *minimum* sentence under the statute for aggravated malicious wounding is 20 years. *See* Code §§ 18.2-10; -51.2.

any nexus between any ASD and the commission of his crime. In short, based on the record before it, the court found no basis to support modification of the sentence.

On appeal, a divided panel of this Court concluded that the trial court abused its discretion by denying the appellant's motion for modification. *Cellucci v. Commonwealth*, No. 0195-21-4 (Va. Ct. App. May 17, 2022). The panel majority reasoned that the trial court erroneously concluded that no mitigating circumstances existed and, therefore, failed to consider all the evidence in mitigation. *Id.*, slip op. at 12. We granted the petition for rehearing and have now considered this case anew. *See Holt v. Commonwealth*, 66 Va. App. 199, 206 (2016).

ANALYSIS

The appellant argues that the trial court abused its discretion by denying his motion under Code § 19.2-303 for modification of his sentence. He contends that the court erred by failing to consider his evidence of mitigating circumstances and by ruling that he did not prove any mitigation. The appellant additionally suggests that, contrary to the trial court's finding, he proved he had ASD at the time of the offense. After reviewing the record and the relevant law, we conclude that the trial court appropriately considered the evidence of mitigating circumstances. The court acted within its purview in finding that the evidence did not establish mitigating circumstances as contemplated by law. Further, the court was not plainly wrong in finding that the appellant did not prove that he had ASD at the time of the offense.[4]

---

[4] In light of these conclusions, we do not address the appellant's challenge to the trial court's alternative finding that he did not establish a nexus between his ASD and the crime. Similarly, we do not consider his contention that a sentence modification would be in the public interest. *See* Code § 19.2-303 (providing that a court may modify a sentence if "it appears compatible with the public interest *and* there are circumstances in mitigation of the offense." (emphasis added)). *See generally Watson-Scott v. Commonwealth*, 298 Va. 251, 258 n.2 (2019) (recognizing that appellate courts decide cases "on the best and narrowest grounds" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

An appellate court applies the abuse of discretion standard of review to both a trial court's sentencing decision and its denial of a motion under Code § 19.2-303 to modify that sentence. *See Rawls v. Commonwealth*, 272 Va. 334, 351 (2006); *Suhay v. Commonwealth*, 75 Va. App. 143, 156 (2022). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Minh Duy Du*, 292 Va. at 564 (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Commonwealth v. Swann*, 290 Va. 194, 197 (2015) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). A trial court abuses its discretion by failing to consider a significant relevant factor, giving significant weight to an irrelevant or improper factor, committing a clear error of judgment, or making a mistake of law. *See Minh Duy Du*, 292 Va. at 564-65; *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013).

Factual questions underlying a discretionary determination are within the purview of the trial court. *Correll v. Commonwealth*, 232 Va. 454, 468 (1987); *Suhay*, 75 Va. App. at 158-59. An appellate court "review[s] factfinding with the highest degree of . . . deference." *Caldwell v. Commonwealth*, 298 Va. 517, 526 (2020) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 236, 248 (2016)). As a result, "we 'presume the judgment of the trial court to be correct' and reverse only if the . . . decision is 'plainly wrong or without evidence to support it.'" *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc) (quoting *Davis v. Commonwealth*, 39 Va. App. 96, 99 (2002)).

This well-established analytical framework along with the statutory backdrop guides our decision in this case. A trial court's authority to suspend or modify an unserved portion of a felony sentence is restricted to situations in which the person has not yet been transferred to the Department of Corrections or within 60 days of such transfer. Code § 19.2-303. The statute

- 5 -

provides that a court "may . . . suspend or otherwise modify" the unserved portion of a felony sentence if "there are circumstances in mitigation of the offense" and "it appears compatible with the public interest." *Id.* The statute simply gives a trial court the discretion to suspend or modify a sentence if certain threshold circumstances are established.[5] *See generally Stafford Cnty. v. D.R. Horton, Inc.*, 299 Va. 567, 576 (2021) (noting that the word "may" in a statute is "permissive"). These parameters make clear that a trial court's discretion under Code § 19.2-303 to modify a sentence is more limited than the authority it exercises in imposing the original sentence.[6] *See generally Minh Duy Du*, 292 Va. at 563-64 (discussing the broad discretion involved in sentencing decisions).

Consideration of a motion to modify a sentence under this statute is not a new sentencing event. *See* Code § 19.2-303. Instead, such a motion is viewed in conjunction with the sentencing proceeding that came before it. *See generally Minh Duy Du*, 292 Va. at 562 (reviewing sentence after the trial court denied the defendant's motion under Rule 1:1 to reconsider); *Wilson v. Commonwealth*, 54 Va. App. 631, 639 (2009) (considering a trial court's jurisdiction pursuant to Code § 19.2-303). Nevertheless, it presumes a basis for reconsideration. Further, the statute does not bind a court to the evidence that a defendant relies on in support of a motion for a sentence modification or suspension. In other words, Code § 19.2-303 does not

---

[5] The appellant did not request a hearing on his motion. As the parties agree, whether to hold a hearing on a Code § 19.2-303 motion is a matter within the court's discretion. *See, e.g.*, *Amos v. Commonwealth*, 61 Va. App. 730, 741 (2013) (en banc) (holding that a party does not have a "right to present oral argument on a motion to reconsider"), *aff'd*, 287 Va. 301 (2014).

[6] In light of these limitations, it is clear that the statute contemplates the party asking for a sentence suspension or modification under Code § 19.2-303 to provide the court with the particular circumstances that merit *changing* the original sentence and proffering something to support the requested change. *See generally Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006) (recognizing that an adversary system "relies chiefly on the *parties* to raise significant issues and present them to the courts in the appropriate manner at the appropriate time").

- 6 -

affect the discretionary nature of sentencing determinations. *See Suhay*, 75 Va. App. at 158

(considering Code § 19.2-303.6).

When exercising its discretionary power, the trial court "has a range of choice, and . . . its

decision will not be disturbed as long as it stays within that range and is not influenced by any

mistake of law." *Lawlor*, 285 Va. at 212-13 (quoting *Landrum v. Chippenham &*

*Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). Although appellate courts generally

defer to a trial court's exercise of its discretionary powers, questions of law are reviewed de

novo. *See Hall v. Commonwealth*, 296 Va. 577, 582 (2018) (reviewing the construction of a

statute in the sentencing context).

It is well-established that "[i]f a sentence imposed is within the statutory limits fixed by

the legislature, the assumption is that the sentence will not be disturbed on appeal." *Bassett v.*

*Commonwealth*, 13 Va. App. 580, 582 (1992); *accord Minh Duy Du*, 292 Va. at 564 ("[W]hen a

statute prescribes a maximum imprisonment penalty and the sentence does not exceed that

maximum, the sentence will not be overturned as being an abuse of discretion." (quoting *Alston*

*v. Commonwealth*, 274 Va. 759, 771-72 (2007))).[7] Here, there is no dispute that the sentence

imposed was within the range set by the legislature. *See* Code §§ 18.2-10(b), 18.2-51.2(A).

This is the extent of our substantive sentencing review "[a]bsent an alleged statutory or

constitutional violation." *Minh Duy Du*, 292 Va. at 563. The appellant here argues that, under

---

[7] The holding in *Minh Duy Du* applies to our review in this case. In *Minh Duy Du*, 292 Va. at 562, the defendant appealed after the trial court imposed his sentence and denied his motion to reconsider filed in compliance with Rule 1:1. We recognize that the appellant argues that *Minh Duy Du*, 292 Va. 555, and the related line of cases erroneously interpret *Messer v. Commonwealth*, 145 Va. 872 (1926). However, we are bound by decisions of the Supreme Court of Virginia and are not in a position to overrule them. *See Rushing v. Commonwealth*, 284 Va. 270, 280 n.5 (2012), *superseded by statute on other grounds*, Code § 19.2-324.1, *as recognized in* 2013 Op. Va. Att'y Gen. 47, 48, https://www.oag.state.va.us/files/AnnualReports/AnnualReports2001-Present/2013_Annual_Report.pdf; *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017).

Code § 19.2-303, the trial court violated the statute by failing to consider the circumstances in mitigation of his crime. *See Hall*, 296 Va. at 582 (reviewing de novo the construction of a statute in the sentencing context); *Minh Duy Du*, 292 Va. at 563 (noting that sentencing decisions must fall "within the lawful boundaries of applicable . . . statutes and constitutional limitations"). Specifically, he contends that the court abused its discretion by finding that he failed to prove any such circumstances.

The burden to *prove* mitigating circumstances falls on the defendant. *See Harris v. Commonwealth*, 57 Va. App. 205, 212 (2010). Generally, evidence in mitigation as contemplated by Code § 19.2-303 relates to facts that could impact the appropriate degree of punishment. *Wilson*, 54 Va. App. at 641. They are facts that "tend to lessen an accused's moral culpability for the crime committed." *Id.* at 642. Under the plain meaning of the statutory phrase "circumstances in mitigation of the offense," facts in mitigation are to be linked to or viewed in context with the crime. *See* Code § 19.2-303. *See generally Jones v. Commonwealth*, 296 Va. 412, 415 (2018) (noting that courts are bound by the plain meaning of unambiguous statutory language).

Nothing in the record here indicates that the trial court failed to consider the evidence of mitigating circumstances. When denying the limited motion to modify the appellant's sentence, the trial court issued a detailed eight-page order.[8] In that lengthy order, it expressly considered the appellant's sentencing memorandum, the presentence investigation report, the evidence, the argument presented at sentencing, the appellant's motion for modification, and his memorandum

---

[8] In his two-page motion to modify his sentence, the appellant argued that "there are circumstances in mitigation of the offense." He did not specify what he believed those circumstances were, but instead he referenced his "Sentencing Memorandum, the pre-sentencing report, and evidence and argument at [his] sentencing hearing." In support of his motion, the appellant filed a brief contending that his sentence violated the Eighth Amendment and Due Process Clause of the Federal and State Constitutions. He did not mention his age, lack of criminal history, or rehabilitation, points he now emphasizes on appeal.

in support of that motion. The court noted that the appellant neglected to specify the mitigating circumstances that he believed supported modification of his sentence, something he was required to do under the express language of the statute. Nevertheless, the court inferred, based on the appellant's memorandum, that his argument was that "the dispositive circumstance in mitigation of his offense" was the evidence that he has ASD. The court then addressed that point. After examining the appellant's evidence relating to ASD, the court found that it "had minimal probative value." In fact, it found that the appellant did not prove that he had ASD at the time of the offense. The order noted that upon consideration of the case, the court found "as a matter of fact and law that the defendant . . . *failed to prove* any circumstance in mitigation of his offense." (Emphasis added).

In reading the order as a whole in light of the applicable standard of review, we conclude that it does not support a finding that the trial court disregarded the other evidence now highlighted by the appellant as mitigating. *See Mitchell v. Commonwealth*, 73 Va. App. 234, 244 (2021) (presuming that trial courts correctly apply the law absent clear evidence to the contrary in the record); *accord Asphalt Rds. & Materials Co. v. Commonwealth, Dep't of Transp.*, 257 Va. 452, 459 (1999). The trial court's single statement that the appellant "failed to *prove* any circumstance in mitigation of his offense," without more, simply does not demonstrate that it neglected to *consider* the undisputed evidence of the appellant's age, his lack of prior criminal convictions, and his argument that he had shown his amenability to rehabilitation. (Emphasis added). *See Bassett*, 13 Va. App. at 584 ("Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence."). *See generally Wilson*, 54 Va. App. at 641-42 (explaining that a defendant's age and absence of a previous criminal record might constitute evidence of mitigating circumstances as contemplated by Code § 19.2-303).

It is axiomatic that an appellate court must avoid "fix[ing] upon isolated statements of the trial judge taken out of the full context in which they were made[] and us[ing] them as a predicate for holding the law has been misapplied." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 363 n.11 (2018) (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)) (applying this principle in the context of reviewing a trial court's letter opinion); *see also Mitchell*, 73 Va. App. at 244 (citing the principle that this Court presumes a trial court has correctly applied the law). A court speaks through its written orders, *Roe v. Commonwealth*, 271 Va. 453, 457 (2006), and a reviewing court must read those orders in context, *Coward*, 295 Va. at 363 n.11. *See also Hill v. Commonwealth*, ___ Va. ___, ___ (Aug. 11, 2022) (recognizing that a judicial order can clearly convey an implicit provision).

The appellant asks this Court to isolate a statement from the order to conclude that the trial court erred. Instead, as the law requires, the Court looks to the entire record.

In ruling on the appellant's motion to modify his sentence under Code § 19.2-303, the trial court expressly took into account the presentence report and the arguments at sentencing. The record reflects that the court considered the appellant's age and lack of criminal convictions, as well as the evidence on which he relies now to argue that he demonstrated his amenability to rehabilitation. The appellant contends on appeal that his evidence of these factors proved mitigating circumstances. By the plain meaning, mitigating circumstances are facts that "tend to lessen an accused's moral culpability for the crime committed." *Wilson*, 54 Va. App. at 642. Whether a certain fact, such as a defendant's age, tends to lessen his moral culpability depends on the particular circumstances of each case. *Cf. Lawlor v. Davis*, 288 Va. 223, 244-45 (2014) (noting that evidence of mitigation is considered in light of all the relevant circumstances). Here, in making this discretionary determination, the trial court was not obligated to find that the evidence highlighted by the appellant actually mitigated his crime. *See Keselica v.*

*Commonwealth*, 34 Va. App. 31, 36 (2000). Viewing the order in its entirety and under the proper standard, we conclude that the trial court appropriately considered the evidence of mitigating circumstances pursuant to Code § 19.2-303 and simply weighed that evidence as it saw fit.[9] *See generally Henderson v. Commonwealth*, 285 Va. 318, 326 (2013) (inferring a trial court's finding based on its ruling); *Murphy v. Commonwealth*, 246 Va. 136, 142 (1993) (holding that the trial court considered the defendant's evidence of mitigating circumstances).

The appellant also suggests that the trial court made a factual finding that was plainly wrong because, according to him, the record definitively establishes that he had ASD at the time of the offense. The author of the psychological evaluation entered into evidence opined that the appellant "meets the criteria for a diagnosis of" ASD.[10] The trial court, however, concluded that based on the record before it the appellant did not establish that he in fact had ASD. The court explained:

---

[9] The dissent believes that the evidence of the appellant's age at the time of the offense, his lack of a prior criminal record, and his conduct during the time between the attack and his arrest necessarily and conclusively establish circumstances that mitigate his offense. We reject the contention that this evidence per se establishes mitigating circumstances. The statute's direction for trial courts to consider "circumstances *in mitigation of the offense*" signals a case-specific inquiry. *See* Code § 19.2-303 (emphasis added)). *Wilson*, 54 Va. App. at 641, on which the dissent and the appellant rely, noted that mitigating circumstances "[g]enerally . . . include" "'a good previous record.'" (Quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). In addition, *Wilson* lists the examples of possible facts in mitigation provided by the General Assembly in the capital murder context, which "may include . . . the age of the defendant at the time" of the crime. *Id.* at 641-42 (quoting Code § 19.2-264.4 (repealed 2021)). Nothing in *Wilson* establishes that a lack of a prior criminal record and being *23 years old* at the time of the offense reduce a defendant's moral culpability as a matter of law. Similarly, viewing the record in the light most favorable to the Commonwealth, we do not conclude that the evidence that the appellant fled the state, married, and generally remained under the radar of the criminal justice system instead of turning himself in to the authorities proved as a matter of law his ability to be rehabilitated. In short, contrary to the appellant's suggestion, this Court declines the invitation to disturb the trial court's discretion in this sentencing decision.

[10] The psychologist also concluded that the appellant "historically met criteria" for diagnoses of Major Depressive Disorder, Generalized Anxiety Disorder, Opioid Use Disorder, and Cannabis Use Disorder. She did not provide an actual diagnosis.

> While the [appellant's] statement of his . . . history in the [presentence report] states he was diagnosed with autism at the age of two, he does not recount treatment and intervention services beyond speech therapy as a toddler and having an Individual Education Plan in primary and secondary school. Similarly, the [appellant's] forensic evaluation report ceases any material recitation of ASD in [his] history at the age of six, when he reportedly transitioned his schooling from a special center for autism to a mainstream school. . . . No evidence was presented that the defendant has continued to receive special services as an adult to manage his ostensive ASD. The letters from his close family members attached to the sentencing memorandum only speak of struggles the [appellant] went through at an early age. Descriptions of him as a teen and adult by contrast are utterly silent as to any further struggles with ASD, and to the contrary, acclaim his empathy, work ethic, and character.

The court noted that "the only manifestation" that the "psychological evaluator observed of ostensible ASD was that the defendant would smile and nod along while she spoke even though he did not fully comprehend what she was saying." After considering these factors, the court opined that it was "unsurprising that the evaluator could only diagnose the defendant with ASD 'by history' rather than 'currently.'" The court further noted that the suggestion that he had ASD was "undermin[ed]" by her observation that he made appropriate eye contact and "engaged in reciprocal communication that was cooperative," behaviors inconsistent with her own description of an autistic individual. Based on this reasoning, the court found that the appellant did not establish that he had ASD at the time of the offense. When viewing the record in the light most favorable to the Commonwealth, we conclude that the trial court did not plainly err in making this factual finding. *See Saunders v. Commonwealth*, 242 Va. 107, 115 (1991) (holding that "[i]t is peculiarly the function of the fact finder to determine what weight, if any, should be accorded [an] expert opinion" on a factual issue). *See generally Caldwell*, 298 Va. at 525 (noting that review of factual findings does not ask whether the appellate court would have made the same findings if it had acted as the trial judge).

The trial court sentenced the appellant within the range of punishment authorized by the legislature. In addition, after weighing the evidence in the record, the court found that the appellant failed to prove circumstances in mitigation of his crime. The court's findings underlying the decision were neither plainly wrong nor without evidence to support them. For these reasons, the denial of the appellant's motion to modify his sentence was not an abuse of discretion. *See Minh Duy Du*, 292 Va. at 564.

CONCLUSION

The trial court did not abuse its discretion in denying the appellant's motion for modification of his sentence pursuant to Code § 19.2-303. His sentence was within the permitted statutory range, and the court did not make any factual or legal errors in denying the motion. For these reasons, we affirm the judgment of the trial court.

*Affirmed.*

Ortiz, J., with whom Causey and Callins, JJ., join, dissenting.

I respectfully disagree with the majority's holding that the trial court did not abuse its discretion in denying the appellant's motion for modification of his sentence pursuant to Code § 19.2-303. The trial court failed to consider all relevant factors in refusing to modify a sentence under Code § 19.2-303, as it overlooked the appellant's lack of criminal history, both before and after the crime, ability to be rehabilitated, and age as mitigating circumstances. In erroneously concluding that the appellant proved no mitigating circumstances evidence, the trial court also failed to consider these relevant factors that should have been given significant weight. Thus, the trial court abused its discretion in concluding that the appellant failed to prove any mitigating circumstances.

While a fact finder "[is] not required to give controlling effect to the mitigating evidence," it must at least consider mitigating evidence in imposing an appropriate sentence. *Murphy v. Commonwealth*, 246 Va. 136, 142 (1993) (quoting *Correll v. Commonwealth*, 232 Va. 454, 468-69 (1987)). A mitigating circumstance "has no bearing on the actual guilt or innocence of the accused but rather relates only to the degree to which punishment is appropriate." *Wilson v. Commonwealth*, 54 Va. App. 631, 642 (2009). In Virginia, a mitigating circumstance is "'[e]vidence of a good previous record, and extenuating circumstances tending to explain, but not excuse, the commission of' the crime." *Id.* at 641 (alteration in original) (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). Some mitigating circumstances include: (1) the defendant's lack of significant prior criminal activity; (2) the defendant's extreme mental or emotional disturbance while committing the crime; (3) the victim's consent to or participation in the conduct; (4) the defendant's significantly impaired capacity "to appreciate the criminality of his conduct or to conform his conduct to the requirements of law"; (5) the defendant's age when he committed the crime; and (6) the defendant's subaverage intellectual function. *Id.* at

- 14 -

641-42 (quoting Code § 19.2-264.4); *see also Murphy*, 246 Va. at 141-42 (dismissing a defendant's contention that the trial court did not consider mitigating circumstances because the trial court listed the mitigating factors it considered).

While the majority concedes that a motion is viewed in "conjunction with the sentencing proceeding that came before it," it refuses to give weight to the evidence of mitigation presented at sentencing. Even viewing the evidence in the light most favorable to the Commonwealth, the appellant presented uncontradicted mitigating evidence at the sentencing hearing and in his sentencing memorandum, the pre-sentencing report, and argument. Prior to his arrest, the appellant had no criminal record. Further, in the two and a half years between the attack and his arrest, the appellant stopped abusing drugs, became involved in a church community, maintained a stable homelife, raised his daughter, worked to support his family, attended school, and did not incur further criminal charges while his crime was being investigated. These changes demonstrate his ability to be rehabilitated. Moreover, the appellant was only 23 when he committed the crime. Thus, the appellant presented evidence of three different circumstances in mitigation of his offense to the trial court.

While the trial court considered the appellant's ASD evidence, it then proceeded to ignore the uncontradicted mitigating evidence it had previously considered and accepted. The majority, in its footnote 6, finds that "it is clear that the statute contemplates the party asking for a sentence suspension or modification under Code § 19.2-303 to provide the court with the particular circumstances that merit *changing* the original sentence." The text of Code § 19.2-303 does not support that conclusion; neither does the history of the statute. In *Richardson v. Commonwealth*, 131 Va. 802, 809-10 (1921), the Supreme Court, applying a 1918 statute "providing for probation and suspension of sentences in criminal and juvenile courts," found that the General Assembly gave courts the power to suspend sentences to encourage "the reformation

- 15 -

of the criminal" and give him "the opportunity which the state affords him to repent and reform." It also found that the statute was remedial and should be liberally construed. *Id.* at 811. The purpose of the sentencing hearing is to set the punishment for committing a crime. The purpose of Code § 19.2-303 is to consider whether the defendant should be given a chance "to repent and reform." *Cf. Richardson*, 131 Va. at 810. Because they are not the same type of proceeding, a defendant need not bring something new to the trial court when he submits a motion to reconsider. We would find that Code § 19.2-303 does not impose a requirement that the defendant must present "circumstances that merit *changing* the original sentence." Per the statutory language, the defendant is only required to represent mitigating circumstances and reasons why suspension would be in the public interest. Code § 19.2-303.

The trial court reiterated that at the sentencing hearing, it had considered all the mitigating circumstances and noted that the appellant failed to specify mitigating circumstances other than his ASD in his motion to reconsider. Yet, the appellant's brief in support of the motion to reconsider, while focusing primarily on his ASD diagnosis as it related to the public interest factor, generally referenced the sentencing hearing evidence to show mitigating circumstances. In fact, the appellant referred the trial court to the very mitigating evidence previously presented in the sentencing hearing.

During the sentencing hearing, the trial court stated that it factored the appellant's thorough sentencing memorandum into its considerations, but that it gave it "the weight and the value that it should be given." Thus, applying the presumption that a trial court knew and correctly applied the law, *Stevens v. Commonwealth*, 70 Va. App. 280, 306 (2019), the trial court found and considered at least some mitigating circumstances evidence at the sentencing hearing. However, on the motion to reconsider, the trial court did not incorporate its prior sentencing ruling or order into the denial order. Rather, it found that the appellant had failed to list specific

- 16 -

mitigating circumstances and then "assumed" that the "dispositive circumstance in mitigation" was the ASD diagnosis.

In short, the trial court could not arbitrarily discredit uncontradicted evidence of the appellant's lack of criminal history, age, and ability to be rehabilitated. Though *Wilson*, 54 Va. App. at 641-42, only specifically includes lack of criminal history and age as mitigating circumstances, trial courts should consider a defendant's ability to be rehabilitated. *See Shifflett v. Commonwealth*, 26 Va. App. 254, 261 (1997) (suggesting that the likelihood of rehabilitation is a mitigating factor), *rev'd*, 257 Va. 34 (1999). Consequently, the trial court made a clear error when it found as a matter of law that these three circumstances were not mitigating.

I agree with the majority that we must both presume a trial judge knew and correctly applied the law and infer a trial court's findings based on its rulings. *Stevens*, 70 Va. App. at 306 (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)). Moreover, I also concur that we must review an order within its entire context. *Id.* (quoting *Yarborough*, 217 Va. at 978). Where I differ from the majority is in how we apply these principles to this case. A trial judge cannot retain the benefit of the presumption that it considered certain factors while explicitly rejecting those same factors. The only language in the trial court's order that the majority relies on to conclude that the trial court considered all the mitigating circumstances is its general statement that it considered all of the evidence the appellant provided. In reviewing a trial court's order, this language would generally be sufficient, and a trial court would benefit from our usual presumption. However, the trial court's express language and the order's context sufficiently contradict the presumption.

First, the trial court expressly held that the appellant "*failed to prove any* circumstance in mitigation." (Emphasis added). "Any" is an unrestrictive modifier and "is generally considered to apply without limitation." *Sussex Cmty. Servs. Ass'n v. Va. Soc'y for Mentally Retarded*

- 17 -

*Children, Inc.*, 251 Va. 240, 243 (1996). I cannot restrict the word "any" to mean only evidence relating to the appellant's ASD. To do so would render the word "any" meaningless. Further, the order's context shows that the trial court *only* considered the ASD and not any other mitigating circumstances. Unlike in its sentencing decision, where the trial court considered aggravating factors when it deviated up from the guidelines, Code § 19.2-303 does not direct the trial court to weigh the mitigating circumstances against the crime and any aggravating circumstances. Instead, Code § 19.2-303 instructs courts to look at whether mitigating circumstances exist and whether a modification would be compatible with the public interest. If, as the majority suggests, the trial court found and considered the three mitigating circumstances the appellant presented, it would have had to review the public interest factor as required by Code § 19.2-303. By failing to do so, the trial court provided contextual clues that it found no mitigating circumstances.

Moreover, although I would normally presume that the trial court correctly weighed the Code § 19.2-303 factors, *see Mack v. Commonwealth*, 177 Va. 921, 929 (1941), the trial court explicitly demonstrated that it did not consider the appellant's lack of criminal history, age, and ability to be rehabilitated. As discussed above, because the trial court found as a matter of law and fact that the appellant presented no mitigating circumstances evidence, it undoubtedly did not consider and weigh the relevant factors. Notably, "[t]here is no general requirement that trial courts must state for the record the reasons underlying their decisions." *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015). Yet, the trial court explained its reasoning, revealing its error of law and failure to consider the relevant factors. As a result, the trial court showed that it erred not only in its legal findings but also in its failure to consider the relevant factors "that should have been given significant weight." *Barrow v. Commonwealth*, 73 Va. App. 149, 153 (2021).

Overall, the trial court abused its discretion by making an error of law that the appellant did not prove any mitigating circumstances. Accordingly, it also abused its discretion by failing to consider and weigh the appellant's mitigating circumstances, including his lack of criminal history, age, and substantial capacity for rehabilitation. For those reasons, I would reverse and remand the case to allow the trial court to consider the mitigation evidence and weigh the public interest as required by Code § 19.2-303. I respectfully dissent.

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **14th** *day of* **June, 2022**.

Bradford T. Cellucci, Appellant,

  against           Record No. 0195-21-4
                    Circuit Court No. CR00031718-00

Commonwealth of Virginia, Appellee.

Upon a Petition for Rehearing En Banc

Before the Full Court

On May 31, 2022 came the appellee, by the Attorney General of Virginia, and filed a petition requesting that the Court set aside the judgment rendered herein on May 17, 2022, and grant a rehearing *en banc* on the issue(s) raised in the petition.

On consideration whereof and pursuant to Rule 5A:35 of the Rules of the Supreme Court of Virginia, the petition for rehearing *en banc* is granted and the appeal of those issues is reinstated on the docket of this Court. The mandate previously entered herein is stayed pending the decision of the Court *en banc*.

The parties shall file briefs in compliance with the schedule set forth in Rule 5A:35(b). The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. An electronic version of each brief shall be filed with the Court and served on opposing counsel.[1]

A Copy,

Teste:

A. John Vollino, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

---

[1] The guidelines for filing electronic briefs and appendices can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Ortiz and Causey
Argued at Fairfax, Virginia

**UNPUBLISHED**

BRADFORD T. CELLUCCI

MEMORANDUM OPINION[*] BY
JUDGE DANIEL E. ORTIZ
MAY 17, 2022

v.        Record No. 0195-21-4

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

Catherine French Zagurskie, Chief Appellate Counsel (Virginia
Indigent Defense Commission, on briefs), for appellant.

Rohiniyurie Tashima, John Marshall Fellow (Mark R. Herring,[1]
Attorney General, on brief), for appellee.

A trial court's decision to modify a sentence after a horrific crime is a weighty matter.

The decision's solemn and case-specific nature often requires an appellate court to defer to the

lower court's judgment.  Yet, this Court cannot turn a blind eye to a trial court's erroneous legal

conclusions and failure to consider all relevant factors when deciding whether to modify a

sentence under Code § 19.2-303.  In these rare circumstances, an appellate court must reverse for

the trial court's abuse of discretion.

Bradford T. Cellucci entered an *Alford*[2] plea to aggravated malicious wounding after he

attacked his girlfriend's ex-boyfriend, Bryan Pedroza, with a claw hammer and paralyzed

Pedroza from the chest down.  The Loudoun circuit court sentenced Cellucci to life in prison and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

a $100,000 fine. Cellucci challenges the circuit court's denial of his motion to reconsider his sentence under Code § 19.2-303. Cellucci contends the circuit court abused its discretion in determining Cellucci failed to prove any circumstances in mitigation, despite evidence demonstrating Cellucci's Autism Spectrum Disorder (ASD) diagnosis, lack of criminal history, and demonstrated ability to be rehabilitated. Further, he contends the circuit court erred by failing to address whether modifying Cellucci's sentence was compatible with the public interest because the original sentence violates the United States Constitution's Eighth Amendment and Due Process Clause. Because the circuit court abused its discretion in making the erroneous legal conclusion that Cellucci failed to prove any mitigating circumstances and in failing to consider Cellucci's mitigating circumstances evidence, we reverse the denial of the motion to reconsider.

BACKGROUND

On July 28, 2015, twenty-three-year-old Cellucci entered the Ralph Lauren Polo Outlet store in Leesburg where Pedroza worked. Cellucci believed an allegation that Pedroza raped Cellucci's girlfriend and had decided to do something about it. Cellucci walked around the store for nearly twenty minutes until the then eighteen-year-old Pedroza approached him. Cellucci told Pedroza he wanted to try on a shirt, and Pedroza escorted Cellucci to the fitting rooms. When Pedroza turned his back to Cellucci, Cellucci punctured Pedroza's neck with a claw hammer and ran from the Polo store. Pedroza instantly fell and realized he could not control his body. After Pedroza arrived at the hospital, doctors determined that his spinal cord was severed between his C5 and C7 vertebrae.

As a result of the attack, Pedroza is paralyzed from the chest down, cannot walk, and struggles to write or open and close objects because his hands are in a "constant claw state." He experiences "very intense involuntary spasms" that cause his legs to "jump, shake, and stiffen

up," and he suffers from nerve pain. He also needs various medicines, medical treatments, and equipment for daily life. Since the attack, Pedroza suffers from depression and anxiety. Additionally, due to his injury, Pedroza and his family faced immediate and long-term financial difficulties.

In early 2020, Cellucci entered an *Alford* plea of guilty. Approximately eight months later, Cellucci provided evidence to the circuit court at his sentencing hearing through his sentencing memorandum, the presentencing investigation report, a forensic psychological evaluation prepared by Dr. Ina D. Patton, statements from Cellucci's family, including his wife's testimony, and Cellucci's allocution.

This evidence revealed that Cellucci was diagnosed with ASD at a very young age and did not speak until he was at least five years old. As a child, he got frustrated easily and had difficulty understanding social nuances and jokes. He also attended special education classes and qualified for Individualized Educational Plans. As he grew up, Cellucci struggled with substance abuse, starting with marijuana use and eventually escalating to heroin and OxyContin use. He received treatment for substance abuse several times. Despite his struggles with addiction, he did not have a juvenile or adult criminal record.

In 2015, he began dating a woman, and she told him that Pedroza had raped her. After learning about the rape allegation, Cellucci tried to ignore it but instead fixated on and obsessed about the alleged rape. He told the woman that Pedroza should face consequences. In the months leading up to the attack, Cellucci continued to abuse drugs, and his behavior became more erratic and agitated. Several weeks before the attack, he decided to "act on this twisted fantasy" to make Pedroza pay.

Nine days after the attack, Cellucci flew to Honduras where he kept abusing various prescription drugs. When he returned to the United States about five months later, he moved in

with his now-wife, Jennifer Cellucci (Jennifer), and her family. While living with Jennifer's family, Cellucci became a Christian, started going to church, and then stopped abusing drugs. Four months later, Cellucci and Jennifer married, and their daughter was born less than a year later. Cellucci also started working and attending school part-time.

Dr. Patton interviewed Cellucci and concluded that Cellucci met the DSM-5 criteria for an ASD diagnosis based on his history, tests, and behavior during the interview. She observed that Cellucci had adopted certain behaviors "to distract from socially awkward behavior or misunderstood social cues" and that he had limited facial and emotional reactions throughout the interview. Dr. Patton also noted that Cellucci "may mask his frustration with impulsivity" to avoid dealing with his emotions and may struggle to link "his thoughts and feelings with his behavior and their consequences." Dr. Patton concluded that a combination of Cellucci's difficulty empathizing with others, substance abuse, and failure to take psychiatric medications created a "perfect storm."

After reviewing all the evidence, the circuit court imposed the statutory maximum of a life sentence and a $100,000 fine, despite the sentencing guidelines recommending a range between five years and eight months and twelve years and eight months' incarceration. The circuit court deviated up from the sentencing guidelines because it felt the guidelines insufficiently addressed the grievousness of Pedroza's injury and Cellucci's "level of planning/premeditation." The circuit court conceded that a combination of ASD and substance abuse may have played a role but decided that the ASD diagnosis "pale[d] in comparison" to the "blow to civil society."

Cellucci moved to reconsider the sentence. He pointed to his sentencing memorandum, the presentencing report, and evidence and argument at the sentencing hearing to generally argue that he presented circumstances in mitigation; however, he did not specifically identify those

- 4 -

circumstances. Further, Cellucci argued modifying his sentence was compatible with the public interest because the sentence violated his due process rights and was cruel and unusual punishment under the Eighth Amendment, partly due to his ASD.

The circuit court denied the motion to reconsider (the denial order), focusing solely on whether Cellucci's ASD was a mitigating circumstance. It reasoned Cellucci "has not presented sufficient evidence to establish . . . that he now, or at the time of the offense, suffers from ASD." Alternatively, the circuit court determined that even if Cellucci had ASD, the diagnosis did not qualify as a mitigating circumstance under *Wilson v. Commonwealth*, 54 Va. App. 631 (2009), and had no logical nexus to the offense. The circuit court characterized Cellucci's ASD evidence as a "dying ember," "vacant, wanting of substance, and only now being emphasized as a post-hearing 'hail Mary.'" It concluded that, after considering all the evidence, "as a matter of fact and law that [Cellucci] . . . failed to prove any circumstance in mitigation of his offense." Because it found no mitigating circumstances, the circuit court declined to address whether a sentence modification was compatible with the public interest.

ANALYSIS

On the motion to reconsider, the circuit court was required to review all the evidence Cellucci presented and identify any mitigating circumstances. However, the circuit court overlooked Cellucci's lack of criminal history, both before and after the crime, ability to be rehabilitated, and age as mitigating circumstances. In erroneously concluding that Cellucci proved no mitigating circumstances evidence, the circuit court also failed to consider these relevant factors that should have been given significant weight. Thus, the circuit court abused its discretion in concluding that Cellucci failed to prove any mitigating circumstances.

I. Standard of Review

We review a denial of a motion to reconsider a prior ruling for an abuse of discretion. *See Thomas v. Commonwealth*, 62 Va. App. 104, 109 (2013). "A trial court '"by definition abuses its discretion when it makes an error of law."'" *Commonwealth v. Greer*, 63 Va. App. 561, 568 (2014) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008)). Further,

> [a] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Barrow v. Commonwealth*, 73 Va. App. 149, 153 (2021) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)).

II. The Circuit Court's Mitigating Circumstances Decision

In this case, the circuit court failed to consider all of the evidence on the motion to reconsider, and thus, did not comply with the procedural requirements of Code § 19.2-303. Moreover, the circuit court made an error of law in concluding Cellucci had failed to prove mitigating circumstances and erred in failing to consider those mitigating circumstances.

A. *Minh Duy Du v. Commonwealth, 292 Va. 555 (2016), does not apply in this case.*

At the outset, we must address the Commonwealth's contention that *Minh Duy Du v. Commonwealth*, 292 Va. 555 (2016), precludes this Court's review of Cellucci's sentence. Under *Minh Duy Du*, when a sentence does not exceed the statutory maximum, we will not overturn the sentence as an abuse of discretion, and our "review is at an end." *Id.* at 564-65 (quoting *Dorszynski v. United States*, 418 U.S. 424, 431 (1974)). However, this case's procedural posture obviates *Minh Duy Du's* application. Before us is the question of whether the circuit court abused its discretion in reviewing the Code § 19.2-303 factors, a statutory procedural requirement, not the substantive question of whether the circuit court abused its

- 6 -

discretion by sentencing Cellucci to life plus a $100,000 fine. *Minh Duy Du's* reasonableness test would only apply in this case once we concluded the trial court complied with the Code § 19.2-303 statutory procedures. Thus, confined to the narrow question at hand, *Minh Duy Du* does not control this case's outcome.

B. *The circuit court abused its discretion regarding Cellucci's mitigating circumstances evidence.*

Under Code § 19.2-303, a trial court may modify the unserved portion of a felon's sentence any time before the felon is transferred to the Department of Corrections "if it appears compatible with the public interest and there are circumstances in mitigation of the offense."

While a fact-finder "[is] not required to give controlling effect to the mitigating evidence," it must at least consider mitigating evidence in imposing an appropriate sentence. *Murphy v. Commonwealth*, 246 Va. 136, 142 (1993) (quoting *Correll v. Commonwealth*, 232 Va. 454, 468-69 (1987)). A mitigating circumstance "has no bearing on the actual guilt or innocence of the accused but rather relates only to the degree to which punishment is appropriate." *Wilson*, 54 Va. App. at 642. In Virginia, a mitigating circumstance is "'[e]vidence of a good previous record, and extenuating circumstances tending to explain, but not excuse, the commission of' the crime." *Id.* at 641 (alteration in original) (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). Some mitigating circumstances include: (1) the defendant's lack of significant prior criminal activity; (2) the defendant's extreme mental or emotional disturbance while committing the crime; (3) the victim's consent to or participation in the conduct; (4) the defendant's significantly impaired capacity "to appreciate the criminality of his conduct or to conform his conduct to the requirements of law"; (5) the defendant's age when he committed the crime; and

- 7 -

(6) the defendant's subaverage intellectual function. *Id.* at 641-42 (quoting Code § 19.2-264.4)[3]; *see also Murphy*, 246 Va. at 141-42 (dismissing a defendant's contentions that the trial court did not consider mitigating circumstances because the trial court listed the mitigating factors it considered).

Additionally, as a general principle, "[a] court speaks through its orders," and those orders are presumed correct unless "evidence in the record clearly establishes that the court had a different intent." *See McBride v. Commonwealth*, 24 Va. App. 30, 35-36 (1997); *Mack v. Commonwealth*, 177 Va. 921, 929 (1941) (noting that a court's order is generally presumed correct, "and he who asserts the contrary is required to overcome the presumption by record proof"). In fact, the Virginia Supreme Court has presumed that a trial court "considered the relevant factors without giving significant weight to any irrelevant improper factor" when the parties argued the relevant factors to the court. *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 430 (2012). However, a trial judge "may not arbitrarily or without justification discredit evidence which is uncontradicted and not inconsistent with other evidence in the case." *Bolden v. Commonwealth*, 263 Va. 465, 472 n.3 (2002) (quoting *Chesson v. Commonwealth*, 216 Va. 827, 832 (1976)).

> 1. The circuit court made an error of law when it concluded Cellucci presented no mitigating circumstances evidence.

Even viewing the evidence in the light most favorable to the Commonwealth,[4] Cellucci presented uncontradicted mitigating circumstances evidence at the sentencing hearing, including his sentencing memorandum, the pre-sentencing report, and argument. Prior to his arrest,

---

[3] The General Assembly repealed Code § 19.2-264.4 in 2021 when it abolished the death penalty; however, the mitigating circumstances factors remain relevant to our analysis.

[4] On appeal, "we consider the evidence presented at trial in the light most favorable to . . . the prevailing party below." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008).

Cellucci had no criminal record. Further, in the two and a half years between the attack and his arrest, Cellucci stopped abusing drugs, became involved in a church community, maintained a stable homelife, raised his daughter, worked to support his family, attended school, and did not incur further criminal charges. These changes demonstrate his ability to be rehabilitated. Moreover, Cellucci was only twenty-three when he committed the crime. Thus, Cellucci demonstrated three different circumstances in mitigation of his offense.

In denying Cellucci's motion to reconsider, the circuit court exclusively considered Cellucci's ASD as his mitigating circumstance. Although, as discussed below, we conclude that the circuit court abused its discretion in considering Cellucci's mitigating circumstances evidence, we hold that it did not abuse its discretion in finding that Cellucci failed to prove ASD as a mitigating circumstance. The circuit court considered the forensic psychological evaluation and determined that Cellucci did not have ASD at the time of the offense[5] and even if he did, his ASD did not have "a nexus" to the crime. Having considered the report, the circuit court did not abuse its discretion in concluding that Cellucci failed to prove that his ASD explained his crime.

While the circuit court considered Cellucci's ASD evidence, it then proceeded to ignore the uncontradicted mitigating circumstances evidence it had previously considered and accepted. The circuit court reiterated that at the sentencing hearing it had considered all the mitigating circumstances and noted that Cellucci failed to specify mitigating circumstances other than his ASD in his motion to reconsider. Yet, Cellucci generally referenced the sentencing hearing evidence to show mitigating circumstances, even though his brief in support of the motion to reconsider focused on his ASD diagnosis as it related to the public interest factor. In fact,

_____

[5] We decline to decide whether the circuit court correctly determined that Cellucci failed to prove that he has ASD at all or at the time of the offense. Yet, the forensic psychological evaluation suggests a diagnosis from an early age and an ongoing and lifelong condition based upon its description of Cellucci's past and present symptoms.

Cellucci referred the circuit court to the very mitigating circumstances evidence the circuit court previously relied on in the sentencing hearing.

During the sentencing hearing, the circuit court stated that it factored Cellucci's thorough sentencing memorandum into its considerations, but that it gave it "the weight and the value that it should be given." Thus, applying the presumption that a trial court knew and correctly applied the law, *Stevens v. Commonwealth*, 70 Va. App. 280, 306 (2019), the circuit court found and considered at least some mitigating circumstances evidence at the sentencing hearing. However, on the motion to reconsider, the circuit court did not incorporate its prior sentencing ruling or order into the denial order and instead explained that it came to its conclusion "[f]or the reasons set forth below." It then concluded "as a matter of fact and law" that Cellucci did not prove any mitigating circumstances. If the circuit court could not identify the specific mitigating circumstances Cellucci's motion referred to, it could have scheduled a hearing to properly address the motion before it.

Therefore, and because it decided not to hear the motion, the only evidence in the record about the circuit court's intent on the motion to reconsider is the circuit court's denial order. Evidently, between the sentencing hearing and the motion to reconsider, the circuit court changed its decision about whether Cellucci had demonstrated mitigating circumstances evidence. The circuit court further demonstrated that it changed its decision about whether Cellucci proved any mitigating circumstances by declining to consider the public interest factor under Code § 19.2-303. By doing so, the circuit court confirmed that it found absolutely no circumstances in mitigation, not solely that Cellucci's ASD diagnosis was not a mitigating circumstance.[6]

---

[6] We agree with the dissent that we must both presume a trial judge knew and correctly applied the law and infer a trial court's findings based on its rulings. *Stevens*, 70 Va. App. at 306

- 10 -

In short, the circuit court could not arbitrarily discredit uncontradicted evidence of Cellucci's lack of criminal history, age, and ability to be rehabilitated. Though *Wilson*, 54 Va. App. at 641-42, only specifically includes lack of criminal history and age as mitigating circumstances, trial courts should consider a defendant's ability to be rehabilitated. Consequently, the circuit court made a clear error of law when it found as a matter of law that these two circumstances were not mitigating.

>2. The circuit court abused its discretion when it failed to consider Cellucci's mitigating circumstances evidence.

Moreover, although we would normally presume that the circuit court correctly weighed the Code § 19.2-303 factors, *see Mack*, 177 Va. at 929, the circuit explicitly demonstrated that it did not consider Cellucci's lack of criminal history, age, and ability to be rehabilitated. As

---

(quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)). Moreover, we also concur that we must review an order within its entire context. *Id.* (quoting *Yarborough*, 217 Va. at 978). Where we differ from the dissent is in how we apply these principles to this case. In spite of the requisite presumptions and inferences given to a trial court's order, a trial judge cannot retain the benefit of the presumption that it considered certain factors while explicitly rejecting those same factors. The only language in the circuit court's order that the dissent can rely on to conclude that the circuit court considered all the mitigating circumstances is its general statement that it considered all of the evidence Cellucci provided. In reviewing a trial court's order, this language would generally be sufficient, and a trial court would benefit from our usual presumption. However, the circuit court's express language and the order's context sufficiently contradict the presumption.

First, the circuit court expressly held that Cellucci "failed to prove *any* circumstance in mitigation." (Emphasis added). "Any" is an unrestrictive modifier and "is generally considered to apply without limitation." *Sussex Cmty. Servs. Ass'n v. Va. Soc'y for Mentally Retarded Children, Inc.*, 251 Va. 240, 243 (1996). We cannot restrict the word "any" to mean only evidence relating to Cellucci's ASD. To do so would render the word "any" meaningless. Further, the order's context shows that the circuit court only considered the ASD and not any other mitigating circumstances. Unlike in its sentencing decision, where the circuit court considered aggravating factors when it deviated up from the guidelines, Code § 19.2-303 did not direct the circuit court to weigh the mitigating circumstances against the crime and any aggravating circumstances. Instead, Code § 19.2-303 instructs courts to look at whether mitigating circumstances exist and whether a modification would be compatible with the public interest. If, as the dissent suggests, the circuit court found and considered the three mitigating circumstances Cellucci presented, it would have had to review the public interest factor as required by Code § 19.2-303. By failing to do so, the circuit court provided contextual clues that it found no mitigating circumstances.

- 11 -

discussed above, because the circuit court found as a matter of law and fact that Cellucci presented no mitigating circumstances evidence, it undoubtedly did not consider and weigh the relevant factors. Notably, "[t]here is no general requirement that trial courts must state for the record the reasons underlying their decisions." *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015).[7] Yet, the circuit court explained its reasoning, revealing its error of law and failure to consider the relevant factors. As a result, the circuit court showed that it erred not only in its legal findings but also in its failure to consider the relevant factors "that should have been given significant weight." *Barrow*, 73 Va. App. at 153.

Overall, the circuit court abused its discretion by making an error of law that Cellucci did not prove any mitigating circumstances. Accordingly, it also abused its discretion by failing to consider and weigh Cellucci's mitigating circumstances, including his lack of criminal history, age, and substantial capacity for rehabilitation. Lastly, we decline to address the public interest factor. As a result, we reverse and remand for the circuit court to review and consider Cellucci's mitigating circumstances evidence and the public interest factor.[8]

_____

[7] While a trial court need not always explain its reasoning for a particular ruling, a detailed ruling assists appellate courts in reviewing whether a trial court properly analyzed an issue.

[8] In this type of case, the best practice would be to remand the motion to reconsider the sentencing modification decision to a different judge. The rationale behind remanding to a different judge takes root in the deeply personal nature of sentencing and the concerns about the appearance of fairness. Criminal sentencing "involves a complex interplay of factfinding, prediction, and moral judgment culminating in the awesome responsibility of deciding exactly how long another human being will be deprived of his liberty." Toby J. Heytens, *Reassignment*, 66 Stan. L. Rev. 1, 49 (2014). In fact, "[c]riminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. Thus, the nature and requirements of resentencing can make it "particularly difficult . . . to reconsider one's own previous decisions." Heytens, *supra*, at 49. Moreover, some courts may reassign a case to avoid even a slight appearance of impropriety or unfairness. *Id.* at 49 n.234 (citing *United States v. Figueroa*, 622 F.3d 739, 745 (7th Cir. 2010) (Evans, J., concurring) (concurring with reassignment because the defendant "[wa]s entitled, procedurally, to a cleaner hearing than the one he got" after the trial judge made "extraneous and inflammatory comments")). It also

CONCLUSION

We do not undermine the seriousness of Cellucci's crime. Yet, in reviewing Cellucci's

motion to reconsider, the circuit court erroneously concluded no mitigating circumstances

existed and consequently failed to consider all mitigating circumstances evidence. Thus, we

hold the circuit court abused its discretion in finding that Cellucci presented no mitigating

circumstances evidence and in failing to consider Cellucci's lack of criminal history, ability to be

rehabilitated, and age. Therefore, we reverse and remand.

*Reversed and remanded*.

---

alleviates pressure on the circuit court because it cannot be accused of either "stubbornly
adhering to [its] original position" or "simply cav[ing] to appellate pressure." *Id.* at 31.

This approach aligns with the Fourth Circuit's approach to reassigning cases on remand.
The Fourth Circuit looks to whether the (1) original judge can put aside his "previously
expressed views or findings determined to be erroneous or based on evidence that must be
rejected," (2) reassignment will "preserve the appearance of justice," and (3) reassignment would
cause disproportionate waste and duplication to any value in maintaining an appearance of
fairness. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 728-29 (4th Cir. 2021).

Because of the circuit court's necessary involvement with this case's facts, it may have
difficulty reconsidering its own decision that no mitigating circumstances existed, despite the
clear record in this case. Therefore, the circuit court should consider reassigning the case to a
different judge.

Decker, C.J., dissenting.

The majority concludes that the trial court erroneously found that the appellant proved no circumstances in mitigation of his crime and as such abused its discretion. I disagree with this interpretation of the order denying the motion to reconsider under Code § 19.2-303, and therefore I respectfully dissent.[9]

Code § 19.2-303 permits a court to modify the sentence of a convicted felon who has not yet been transferred to the Department of Corrections if "there are circumstances in mitigation of the offense" and modification "appears compatible with the public interest." The burden to prove these elements falls on the defendant. *Harris v. Commonwealth*, 57 Va. App. 205, 212 (2010). The trial court's decision is reviewed for an abuse of discretion. *See Thomas v. Commonwealth*, 62 Va. App. 104, 109 (2013). A court abuses its discretion by failing to consider a significant relevant factor, giving significant weight to an irrelevant or improper factor, committing a clear error of judgment, or making a mistake of law. *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564-65 (2016); *Barrow v. Commonwealth*, 73 Va. App. 149, 153 (2021).

In his motion to reconsider his sentence, the appellant argued that "there are circumstances in mitigation of the offense." He specifically references his "Sentencing Memorandum, the pre-sentencing report, and evidence and argument at [his] sentencing

---

[9] In addition, I disagree with the majority's inclusion of footnote eight suggesting that the trial court reassign the case on remand. This Court does not comment on a judicial circuit's administrative handling of a case unless we are called on to review such a decision as a matter of law. *See Ferrara v. Commonwealth*, 299 Va. 438, 447 (2021) (recognizing the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962))), *cert. denied*, 142 S. Ct. 814 (2022); *Yarbrough v. Commonwealth*, 258 Va. 347, 361 (1999) (noting a trial court's inherent authority to administer cases on its docket). We were not asked to do so here and should not provide an advisory opinion.

- 14 -

hearing." In support of his motion, the appellant filed a brief contending that his sentence violated the Eighth Amendment and Due Process Clause of the federal and state constitutions.

When denying the motion to reconsider the appellant's sentence, the trial court issued a detailed eight-page order. In that lengthy order, it expressly considered the appellant's sentencing memorandum, the presentence investigation report, the evidence, the argument presented at sentencing, the appellant's motion for reconsideration, and his brief in support of that motion. The court noted that the motion neglected to specify the mitigating circumstances that the appellant believed supported *reconsideration* of his sentence. However, it inferred, based on the appellant's brief, that his argument was that "the dispositive circumstance in mitigation of his offense" was his ASD diagnosis. Also, the trial court found that the appellant's evidence that he had ASD "had minimal probative value." In fact, the court found that the appellant did not prove that he had ASD at the time of the offense. The trial court order noted that upon consideration of the case, the court found "as a matter of fact and law that the defendant . . . *failed to prove* any circumstance in mitigation of his offense." (Emphasis added).

In reading the order as a whole in light of the applicable standard of review, I conclude that it does not compel a finding that the court disregarded the other evidence highlighted by the appellant as mitigating. It is true that the trial court's single statement that the appellant "failed to prove any circumstance in mitigation of his offense," without more, might be viewed as implying that it neglected to consider the undisputed evidence of his age, his lack of prior criminal convictions, and his argument that he had shown his ability to be rehabilitated.[10] *See generally Wilson v. Commonwealth*, 54 Va. App. 631, 641-42 (2009) (explaining that the defendant's age and absence of a previous criminal record may constitute evidence of mitigating

---

[10] To support his argument that he is amenable to rehabilitation, the appellant points to the almost three years that passed between his flight following the offense and his indictment, noting that during that time he became a productive member of society.

circumstances as contemplated by Code § 19.2-303). However, an appellate court must avoid "fix[ing] upon isolated statements of the trial judge taken out of the full context in which they were made[] and us[ing] them as a predicate for holding the law has been misapplied." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 363 n.11 (2018) (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)) (applying this principle in the context of reviewing a letter opinion); *see also Duggins v. Commonwealth*, 59 Va. App. 785, 789 n.2 (2012) (citing the principle that this Court presumes that trial courts know and correctly apply the law). Although a court speaks through its written orders, *Roe v. Commonwealth*, 271 Va. 453, 457 (2006), a reviewing court should read those orders in context, *Coward*, 295 Va. at 363 n.11.

In ruling on the motion to reconsider under Code § 19.2-303, the trial court expressly stated that it considered the presentence report and the arguments at sentencing, which addressed the appellant's age and lack of criminal convictions, as well as his assertion that he had been rehabilitated. The appellant argues on appeal that his evidence of these factors proved mitigating circumstances. Mitigating circumstances "tend to lessen an accused's moral culpability for the crime committed." *Wilson*, 54 Va. App. at 642. Whether a certain fact, such as a defendant's youth, tends to lessen his moral culpability depends on the particular circumstances of each case. Here, I do not believe that in making this discretionary determination, the trial court was obligated to find that the evidence highlighted by the appellant mitigated his crime. Viewing the order in its entirety and under the proper standard, I conclude that the trial court appropriately considered the evidence of mitigating circumstances pursuant to Code § 19.2-303 and simply weighed that evidence as it saw fit.[11] *See generally Henderson v. Commonwealth*, 285 Va. 318, 326 (2013) (inferring a trial court's finding based on its ruling); *Groves v. Commonwealth*, 50

_____

[11] Once the trial court found that the appellant had failed to prove any circumstances in mitigation of his offense, it did not need to address the second statutory requirement concerning the public interest. *See* Code § 19.2-303.

- 16 -

Va. App. 57, 61-62 (2007) (noting that a "judge is presumed to know the law and to apply it correctly in each case" (quoting *Crest v. Commonwealth*, 40 Va. App. 165, 172 n.3 (2003))).

Having rejected the majority's premise that the trial court concluded that the appellant failed to present any mitigating evidence at all, I also conclude that the court did not abuse its discretion as a matter of law by denying the motion to reconsider the appellant's sentence.

The Supreme Court of Virginia has made clear that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). This concept is not new. In fact, it is well established in Virginia law.[12] The appellant's sentence was within the permissible statutory range.[13] *See* Code §§ 18.2-10(b), -51.2(A). Consequently, I do not believe that the trial court abused its discretion in denying the appellant's motion to reconsider his sentence. *See Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013) ("[W]hen a decision is discretionary . . . the court

---

[12] In *Minh Duy Du*, 292 Va. at 562, the defendant appealed after the trial court imposed his sentence and denied his motion to reconsider filed in compliance with Rule 1:1. I conclude that the holding in *Minh Duy Du* applies to our review in this case. As noted, I disagree that the record indicates that the court failed to consider evidence of mitigating circumstances. The majority concludes that *Minh Duy Du* does not apply to the preliminary question of whether the court considered the requisite factors under the statute. However, it concedes that *Minh Duy Du* applies generally to a review of a trial court's substantive ruling on a motion under Code § 19.2-303 for a sentence modification after the period in Rule 1:1 has expired.

I recognize that the appellant argues that *Minh Duy Du* and the related decision in *Alston v. Commonwealth*, 274 Va. 759 (2007), should not prevent substantive review of his sentence. He suggests that these cases erroneously interpret *Abdo v. Commonwealth*, 218 Va. 473 (1977). However, even if this Court disagreed with Supreme Court precedent, we are not in a position to overrule either *Minh Duy Du* or *Alston*. We are "bound by decisions of the Supreme Court of Virginia." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017).

[13] In fact, the appellant has already challenged his sentence in a direct appeal. This Court denied his petition on the ground that the sentence was within the statutory range. *Cellucci v. Commonwealth*, No. 1088-20-4 (Va. Ct. App. Apr. 9, 2021). While that appeal was pending, the appellant filed the instant motion under Code § 19.2-303 in the trial court.

has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." (second and third alterations in original)).

Even if I were to accept the proposition that this principle does not apply here to preclude substantive review of the order denying the motion to reconsider the appellant's sentence, I would still conclude that this case requires affirmance. The appellant argues that the trial court erred by finding that he failed to prove that he had ASD at the time of the offense and concluding that he established no nexus between his purported ASD and his crime. He essentially contends that the evidence *compelled* the findings that he had ASD and that it "explain[ed]" his offense.

This is not the law in Virginia, and the facts belie this conclusion. "Criminal sentencing decisions . . . rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Min Duy Du*, 292 Va. at 563; *see also* Code § 19.2-303 (permitting "the court that heard the case" to consider the defendant's motion to modify the unserved portion of his sentence). The standard of review for the trial court's factual findings is whether they were plainly wrong or without evidence to support them. *See Vandyke v. Commonwealth*, 71 Va. App. 723, 729 (2020). The question for an appellate court is not whether it would have made the same findings.

The clinician who prepared the psychological evaluation in evidence opined that the appellant "meets [the] criteria for a diagnosis of" ASD. Nonetheless, the trial court, considering the entire report, found that the appellant did not prove that he had ASD at the time of the offense.[14] The court also concluded, in the alternative, that the opinion expressed in the report

_____

[14] The court noted that "the only manifestation" that the "psychological evaluator observed of ostensible ASD was that the defendant would smile and nod along while she spoke even though he did not fully comprehend what she was saying." After considering the report, the court opined that it was "unsurprising that the evaluator could only diagnose the [appellant] with

- 18 -

that the appellant's ASD "*may* have played" a "role . . . lead[ing] to the offense" did not prove that his purported condition explained his crime. (Emphasis added). These factual findings are not plainly wrong or without evidence to support them. Consequently, the court was under no obligation to make the factual findings proposed by the appellant and did not abuse its discretion by declining to do so.

I believe that the record, viewed under the proper standard, establishes that the trial court considered the evidence of mitigating circumstances as required by Code § 19.2-303. Further, regardless of how I might have viewed the evidence if sitting as the factfinder, I conclude that the record supports the trial court's factual findings that the appellant did not establish that he had ASD at the time of the offense or that the condition explained his crime. For these reasons, I would hold that the trial court did not abuse its discretion and accordingly would affirm the decision.

---

ASD 'by history' rather than 'currently.'" The court further noted that the ASD diagnosis was "undermin[ed]" by the clinician's observation that he made appropriate eye contact and "engaged in reciprocal communication that was cooperative," behaviors "inconsistent with her own description of an autistic individual."